UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al.,<br><br>                    Plaintiffs,<br>      v.<br><br>ALASKA INDUSTRIAL LLC,<br><br>                    Defendant. | CASE NO. C16-1936JLR<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

Before the court is Plaintiffs' motion for default judgment against Defendant Alaska Industrial LLC. (Mot. (Dkt. # 6).) Plaintiffs have failed to comply with the requirements of Local Civil Rule 55(b). Accordingly, the court DENIES Plaintiffs' motion without prejudice.

//

ORDER - 1

1    Plaintiffs' motion consists of one paragraph that references an affidavit and a
2 declaration by Plaintiffs' counsel.  (Mot. at 1 (citing Reid Affidavit (Dkt. # 6 at 2-8);
3 Kafer Decl. (Dkt. # 7).)  Attorney Russell J. Reid's affidavit functions as a memorandum
4 of law in support of the motion for default.  (*See* Reid Affidavit.)  In support of the
5 factual propositions in that affidavit, Mr. Reid cites to lengthy exhibits without providing
6 pincites to a page and line number.  (*See, e.g.*, *id.* ¶ 7 (citing Kafer Decl. ¶ 8, Exs. A-B).)
7 Although attorney Richard Kafer's declaration provides some pincites to the relevant
8 pages of the relevant documents, the court must match the general assertions in Mr.
9 Reid's affidavit with the more specific explanations in Mr. Kafer's declaration.  (*See*
10 *generally* Kafer Decl.)  Moreover, neither the affidavit nor the declaration sufficiently
11 explain the spreadsheet that Plaintiffs contend supports their calculations, including the
12 manner in which Plaintiffs applied and compounded interest.  (*See id.* ¶ 20, Ex. G.)  This
13 format does not constitute a "concise explanation of how all amounts were calculated" or
14 otherwise satisfy Plaintiffs' evidentiary burden.  Local Rules W.D. Wash. LCR 55(b)(2).
15    As best the court could match the evidentiary support to the assertions made in
16 Mr. Reid's affidavit, there appears to be at least one error.  Citing to Exhibits C, D, and E
17 of the Kafer Declaration, Mr. Reid avers that Alaska Industrial owes "liquidated damages
18 equal to twelve percent (12%) of all delinquent and delinquently paid contributions."
19 (Reid Decl. ¶ 8.)  However, Exhibit E indicates that Alaska Industrial "shall be liable for
20 a liquidated damage charge in the sum of twenty percent (20%) of the amount of [its]
21 delinquency."  (Kafer Decl. ¶ 12, Ex. E at 166.)  This apparent oversight calls into
22 //

1 question the veracity of the other assertions and calculations, which are insufficiently
2 supported by citation and explanation.
3     Local Civil Rule 55 places a heavy legal and evidentiary burden on a party seeking
4 entry of default or default judgment because such relief is obtained without the benefit of
5 the adversarial process.  Plaintiffs fail to satisfy that burden.  The court accordingly
6 DENIES Plaintiffs' motion for default judgment (Dkt. # 6) without prejudice to renewing
7 the motion in a manner that comports with the governing rules of procedure.
8     Dated this 23rd day of March, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 3